UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON RAMON MONTGOMERY,

        Petitioner,                  Case Number: 22-CV-12464
                                                    Honorable Paul D. Borman

v.

STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING CASE WITHOUT
PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

      Damon Ramon Montgomery has filed a "Request for Injunctive Relief, Immunity from State Court Proceedings." The pleading was docketed as a petition for a writ of habeas corpus. Montgomery has been charged in Ingham County Circuit Court with three counts of drawing a check on a bank without a bank account, Mich. Comp. Laws § 750.101. He is currently incarcerated in the Macomb County Jail on unrelated charges. Montgomery argues that, as a "Senior Foreign Political Figure," he is immune from prosecution and the state court, therefore, lacks subject-matter jurisdiction. (ECF No. 1, PageID.1.)

      For the reasons stated, the Court dismisses this case without prejudice and denies a certificate of appealability.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

II.

Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A state prisoner must exhaust state court remedies before seeking federal habeas relief. *Id.* The exhaustion requirement is satisfied when the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999). Thus, to

2

properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Federal district courts ordinarily must dismiss habeas petitions containing any claims that have not been exhausted in state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The exhaustion requirement applies to petitions filed by pretrial detainees. *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008). The petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012). Montgomery has not alleged or otherwise shown that he exhausted his state court remedies for any of his claims. His petition is subject to dismissal on that basis.

Additionally, and alternatively, even if the Court were to excuse the exhaustion requirement, the Court would decline to decide Montgomery's petition at this time. Federal courts do not interfere with pending state criminal proceedings "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Federal courts abstain from cases that would interfere with a state prosecution when (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff or petitioner has an adequate

opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017).

In this case, all three requirements are met. Montgomery has an ongoing state criminal case pending in the Ingham County Circuit Court. State court criminal proceedings clearly implicate important state interests and those proceedings also provide an adequate opportunity for Montgomery to raise his constitutional challenges. Montgomery has alleged no facts to show that he is or will be unable to exhaust these constitutional claims in the state court.

Accordingly, the Court will dismiss the petition without prejudice because Montgomery has not exhausted available state remedies for his claims and because the Court must abstain from interfering with the state criminal proceeding.

### III.

Before Montgomery may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000). Montgomery makes no such showing and a certificate of appealability will be denied.

## IV.

For the reasons stated, the Court ORDERS the petition for a writ of habeas corpus DISMISSED WITHOUT PREJUDICE.

The Court further ORDERS that a certificate of appealability is DENIED.


                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: November 8, 2022

5